IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DENNIS PARTAKA, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 6:23cv525 |
| MAJOR JOHNSON, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff Dennis Partaka, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of an incident occurring on July 12, 2023. Although he purported to name two other inmates, Jonathan Pendleton and Matthew Jones, as co-plaintiffs, neither of these signed the amended complaint, which is the operative pleading in the case, nor have any of the plaintiffs paid the filing fee or sought leave to proceed *in forma pauperis*. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

On January 16, 2024, Plaintiff signed another lawsuit, including inmates Pendleton, Jones, Joseph Tovar, Samuel Anderson, and John Jackson as co-plaintiffs. This lawsuit complains of the July 12, 2023 incident as well as incidents occurring in January of 2024. *Partaka, et al., v. Johnson, et al.*, civil action no. 4:24cv63 (E.D.Tex.). This second lawsuit has been transferred to the Tyler Division of the Eastern District of Texas and the co-plaintiffs severed out into separate cases so as to allow each of them to proceed on their own personal claims.

Shortly before signing this second lawsuit, on January 10, 2024, the Plaintiff Dennis Partaka filed a motion for voluntary dismissal of the first lawsuit. The Court has reviewed this motion and has determined it should be granted. Fed. R. Civ. P. 41(a). To the extent that the other Plaintiffs may remain part of the case, their claims should be dismissed without prejudice as duplicative and to allow them to proceed in their currently pending severed cases.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff Dennis Partaka's motion for voluntary dismissal (docket no. 7) be granted and his claims in this lawsuit be dismissed without prejudice. It is further recommended that any other claims remaining in this lawsuit be dismissed without prejudice as duplicative. The dismissal of these claims should have no effect upon the right of any party to proceed in their presently pending cases.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 5th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE